IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMET KEARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ARYA BOLURFRUSHAN, APPLIED AI CORPORATION LIMITED, APPLIED AI COPRORATION LIMITED, AAICO ARTIFICIAL INTELLIGENCE CONSULTANCIES L.L.C, NEW YORK RE, INC.: AI LOAN COMPANY LLC, AAICO CLAIMS, INC. AFFIRMO, INC.: JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV, JOHN DOE V, JOHN DOE VI and JOHN DOE VII, | ) ) ) ) ) ) ) ) ) ) ) ) |

C. A. No. 2024-0XXX-XXX

## VERIFIED COMPLAINT

COMES NOW THE Plaintiff, Emmet Keary ("Keary"), by and through his undersigned counsel, hereby files this Civil Complaint against, ARYA BOLURFRUSHAN, APPLIED AI CORPORATION LIMITED, APPLIED AI COPRORATION LIMITED, AAICO ARTIFICIAL INTELLIGENCE CONSULTANCIES L.L.C, NEW YORK RE, INC., AI LOAN COMPANY LLC, AAICO CLAIMS, INC., AFFIRMO, INC., JOHN DOES I through VII (collectively referred to as "Defendants"), and alleges:

### INTRODUCTION

1. This action arises out of Defendants breach of contract and misdeeds relating to its agreement with Keary. Keary entered into an agreement with Defendants in good faith and began

performing the services contemplated by it.

2. Rather than paying Keary what they owed under the contract, Defendants came up with an ever-changing array of excuses as to why it could not perform and complete their end of the bargain.

3. This suit results from Defendants' breaches, violations and misrepresentations as alleged herein.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff, Keary, is an individual living, among other places, in Washington, D.C., and one of the founders of Applied AI Corporation Limited and Applied AI Corporation Limited.

5. Defendant Applied AI Corporation Limited, ("AAICO AD") is an Abu Dhabi, UAE company located in Abu Dhabi.

6. Defendant Applied AI Corporation Limited ("AAICO UK"), is a company registered in the United Kingdom, and located in London, United Kingdom.

7. Defendant AAICO ARTIFICIAL INTELLIGENCE CONSULTANCIES L.L.C ("AAICO Dubai"), is a limited liability company registered in Dubai, UAE located in Dubai, UAE.

8. Defendant New York RE, Inc. ("NYRE") is a Delaware corporation located in Wilmington, Delaware.

9. Defendant AI Loan Company LLC ("AI Loan") is a Delaware limited liability company registered in Wilmington, Delaware.

10. Defendant Affirmo, Inc. ("Affirmo") is a Delaware company registered in Wilmington, Delaware.

11. Defendant AAICO Claims, Inc. (individually referred to as "AAICO DE" and collectively with AAICO AD, AAICO UK, AAICO Dubai, AI Loan, Affirmo and NYRE referred

to as "the AAICO Entities") is a Delaware corporation located in Wilmington, Delaware.

12. Defendant Arya Bolurfrshan ("Bolurfrahan") is an individual located in the United Arab Emirates ("UAE") and the CEO of one or more of the AAICO Entities. He is also an investor in one or more of the AAICO Entities, either directly or indirectly.

13. Upon information and belief, Defendant John Doe I is an entity to be identified later that upon information and belief is organized under the laws of the State of Delaware or New York by or at the direction of Bolurfrahan and/or John Doe VII and holds liabilities for the allegations alleged in the Complaint.

14. Upon information and belief, Defendant John Doe II (collectively with AAICO AD, AAICO UK, AAICO Dubai, AI Loan, NYRE, AAICO DE, and John Doe I referred to as "the AAICO Entities"), is an entity to be identified later that upon information and belief is organized under the laws of the State of Delaware or New York by or at the direction of Bolurfrahan and John Doe VII and holds liabilities for the allegations alleged in the Complaint.

15. Upon information and belief, Defendants John Doe III, IV and V are persons to be identified later that upon information and belief serve upon the Board of Directors of the AAICO Entities and holds liabilities for the allegations alleged in the Complaint.

16. Upon information and belief, Defendant John Doe VI is an individual that advises and consults to each of the other Defendants and holds liabilities for the allegations in the Complaint.

17. Upon information and belief, Defendant John Doe VII is a Director and an investor of the AAICO Entities.

18. Under 28 U.S.C. 1332(a), the Court has subject matter jurisdiction over this case due to diversity of the parties, and the amount in controversy being in excess of $75,000.

19.  Under 28 U.S.C. s. 1391(b)(2), the Court has venue because Plaintiff is located within the judicial district of the District of Columbia.

## ALLEGATIONS

20.  Augustus Intelligence, Inc. ("AI, Inc."), a Delaware company, filed for bankruptcy under Chapter 11 (Subchapter V) of the United States Bankruptcy Code in or about April 2021. On March 15, 2021, Augustus received a notice from the Securities and Exchange Commission that it was opening a file to investigate the conduct of the company and its equity raise based on a complaint it had received from an unknown party (the "SEC Investigation"). This was effectively the last straw, rendering anything, but Debtor-In-Possession ("DIP") financing, impossible for AI, Inc.

21.  Upon information and belief, prior to its bankruptcy filing in April 2021, AI Inc. had raised more than $100 million from investors since 2019, including some of the Defendants.

22.  Defendant Bolurfrushan became AI, Inc.'s CEO in November 2020. He was also its CEO when AI, Inc. received notice of the SEC Investigation on March 15, 2021.

23.  When AI, Inc.'s Board of Directors approved AI, Inc.'s filing for bankruptcy in April 2021, Defendants then engaged in a plan, among other things, to position the AAICO entities to acquire AI, Inc.'s assets and hire its key employees ("the AAICO Strategy").

24.  Defendants recruited Keary to assist with the organization, founding and financing of the various AAICO Entities during and after the bankruptcy of AI.

25.  As part of this, Keary became the group head of law for the AAICO Entities.

26.  In addition to his role as the head of legal affairs for AAICO Entities, Defendants further recruited Keary to succeed Bolurfrahan in the separate and distinct role of President and sole officer of AI, Inc. This occurred after receiving notice of the Securities and Exchange

4

Commission's investigation in March 2021 and just prior to its bankruptcy filing in or about April 2021.

27. In consideration of accepting his appointment to the position of President at AI, Inc., Defendants promised Keary that he would be paid a base compensation of $250,000.00 per annum and he would receive fully paid and vested stock of the AAICO Entities as follows: a majority of the ESOP estimated to be between 20 and 25% of the equity in the AAICO Entities (the "Agreement").

28. In addition, Defendants leveraged their depth of business experience and vast networks of business relationships, to induce Plaintiff to become the president of AI, Inc., even though it was under investigation by the Securities and Exchange Commission. Among other things, Defendants told Plaintiff that they would take steps to mitigate the negative impact of the SEC investigation might have on his career by hiring and paying Plaintiff as a head of law of the AAICO Entities. That representation appears to have been false when made as Defendants never made any effort to follow through on their promises.

29. However, Defendants told Keary that they needed him to be President of AI, Inc. because they would be hindered in raising funds for the AAICO Entities if their names were associated with AI, Inc.'s contentious bankruptcy proceedings. They further stated that the SEC Investigation into AI, Inc. would also hinder their fundraising prospects for the AAICO Entities unless Keary agreed to take over as President of AI, Inc.

30. However, once Bolurfrahan, John Doe VII, and key employees received a negotiated release from liability in mid-2022, among other things, from AI, Inc. as part of its plan of liquidation they immediately began to act in a manner detrimental to Keary. For instance, Defendants immediately turned off Keary's AAICO Entities email access and informed employees

5

that he was "not in the circle of trust" anymore.

31. In addition, Defendants never paid Keary the agreed upon compensation for serving as founder of and head of law for the AAICO Entities per the Agreement.

32. From the start of the AAICO Entities until about April 2023, Keary engaged in fundraising, hiring, retention of advisors, strategizing with the Boards of Directors and their advisors, prepared materials regarding funding requests, attended meetings regarding fundraising, engaged in assisting with product development, fundraising development, work with external advisors to continue to refine the main AAICO Strategy, and similar business activities. These activities were all in addition to his activities on behalf of AI, Inc.

## COUNT I- BREACH OF CONTRACT

33. Plaintiff hereby incorporates by reference each and every averment of fact contained in the preceding paragraphs as if set forth herein at length.

34. The Agreement between Plaintiff and Defendants is a valid and enforceable contract.

35. Plaintiff performed and was performing his obligations under the Agreement as required.

36. Defendants breached their obligations under the Agreement by not paying Plaintiff the salary and stock that they owed to Plaintiff under the Agreement.

37. Defendants' breach of the Agreement has proximately caused damage to Keary in amounts to be determined at trial.

WHEREFORE, Plaintiff, EMMET KEARY, by and through its undersigned counsel, respectfully requests that this honorable Court award:

a. Actual, compensatory, consequential, and monetary damages in an amount to be

determined by trial;

  b. Fees, expenses and costs (including, but not limited to, attorneys' fees), and other recoverable expenses or costs, incurred by Plaintiff as a result of these proceedings, including legal fees as appropriate;

  c. Pre-judgment and post-judgment interest at the highest rate(s) allowed by law; and

  d. Costs of Court.

**COUNT II- BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

  38. Plaintiff hereby incorporates by reference each and every averment of fact contained in the preceding paragraphs as if set forth herein at length.

  39. Implied in the Agreement is the covenant of good faith and fair dealing by Defendants.

  40. Defendants owed Keary a duty to act in a manner that would not frustrate and disappoint the reasonable expectations of Keary under the Agreement.

  41. Defendants not only violated the Agreement through their nonpayment of Keary's compensation and stock but also breached their covenant of good faith and fair dealing.

  42. Defendants' violations of its covenant of good-faith and fair dealing have proximately caused damage to Keary in amounts to be determined at trial.

  43. As a result of the breach of the covenant of good-faith and fair dealing by Defendants, Keary has suffered and will continue to suffer significant and material economic loss and damages in amounts to be determined at trial.

  WHEREFORE, Plaintiff, EMMET KEARY, by and through its undersigned counsel, respectfully request that this honorable Court award:

  a. Actual, compensatory, consequential, and monetary damages in an amount to be

determined by trial;

      b.      Reasonable attorneys' and other professional fees, expenses and costs (including, but not limited to, witness fees), and other recoverable expenses or costs, incurred by Plaintiff as a result of these proceedings, including legal fees as appropriate;

      c.      Pre-judgment and post-judgment interest at the highest rate(s) allowed by law; and

      d.      Costs of Court.

## COUNT III- UNJUST ENRICHMENT

44.      Plaintiff hereby incorporates by reference each and every averment of fact contained in the preceding paragraphs as if set forth herein at length.

45.      In the alternative to Plaintiff's breach of contract claim, this is an action for unjust enrichment against Defendants.

46.      Keary has conferred a benefit unto Defendants.

47.      Defendants were aware, voluntarily accepted and retained the benefits conferred upon it by Keary.

48.      Defendants have not, and do not intend to, provide renumeration to Keary for his services and benefits conferred.

49.      Defendants have been unjustly enriched by the benefits that they have received from Keary.

50.      The circumstances are such that it would be inequitable for Defendants to retain the benefits they obtained as a result of their unfair, deceptive, misleading and/or bad faith actions.

WHEREFORE, Plaintiff, EMMET KEARY, by and through his undersigned counsel, respectfully requests that this Court award:

      a.      Actual, compensatory, consequential, and monetary damages in an amount to be

determined by trial;

      b.      Fees, expenses and costs (including, but not limited to, attorneys' fees), and other recoverable expenses or costs, incurred by Plaintiff as a result of these proceedings, including legal fees as appropriate;

      c.      Pre-judgment and post-judgment interest at the highest rate(s) allowed by law; and

      d.      Costs of Court.

## COUNT IV – NEGLIGENT MISREPRESENTATION

51. Plaintiff hereby incorporates by reference each and every averment of fact contained in the preceding paragraphs as if set forth herein at length.

52. Defendants in their dealings with Keary represented to Keary that he would be compensated for assisting Defendants with executing the AAICO Strategy.

53. Plaintiff relied upon those reasons in accepting the appointment as President of AI, Inc. and assisting Defendants in the planning of the AAICO Strategy, in forming the AAICO Entities, and executing the AAICO Strategy.

54. Defendants were negligent in making those representations to Keary because it knew or should have known them to be false.

55. Defendants intended that Keary acted on their representations and knew that Plaintiff would probably rely on their representations which, if the representations were erroneous, would cause loss or injury to Keary.

56. Plaintiff justifiably relied on those representations to his detriment.

57. As a result of those negligent misrepresentations, Keary has been damaged, and will continue to suffer significant and material economic loss and damages, proximately caused by Defendants' negligence.

WHEREFORE, the Plaintiff, EMMET KEARY, by and through his undersigned attorney, respectfully requests that this Court:

 a. Actual, compensatory, consequential, and monetary damages in an amount to be determined by trial;

 b. Fees, expenses and costs (including, but not limited to, attorneys' fees), and other recoverable expenses or costs, incurred by Plaintiff as a result of these proceedings, including legal fees as appropriate;

 c. Pre-judgment and post-judgment interest at the highest rate(s) allowed by law; and

 d. Costs of Court.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, EMMET KEARY, by and through his undersigned counsel, respectfully requests this Court to:

 A. Make findings of fact and enter judgement in his favor as to all allegations and Counts in the Complaint;

 B. Award Plaintiff actual, direct, and consequential damages in amounts to be determined by trial;

 C. Award Plaintiff exemplary, punitive, statutory, and multiple damages in amounts to be determined at trial;

 D. Award Plaintiff his fees, expenses, and costs (including, but not limited to, attorneys' fees), and other recoverable expenses or costs, incurred by Plaintiff as a result of this litigation;

 E. Award Plaintiff pre-judgment and post-judgment interests at the highest rate(s) allowed by law;

    F.      Award Plaintiff his costs of Court; and

    G.      Award Plaintiff such additional relief, at law and in equity, to which Plaintiff may be justly entitled and which this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury as to all issues raised in this case.

Respectfully submitted,

___/s/ *John A. Sten*_____
**John A. Sten**
DC Bar # 490982
**BYRD CAMPBELL P.A.**
100 State Street
Third Floor
Boston MA 02109
Phone: 617-967-2820
Email: JSten@ByrdCampbell.com